## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF KANSAS

BILL J. CORY,

        Plaintiff,

    vs.                  **Case No. 03-4193-RDR**

AZTEC STEEL BUILDING,
INC., et al.,

        Defendants.

_____

### MEMORANDUM AND ORDER

This is an action for damages arising from the purchase of military Quonset storage units by plaintiff.  Plaintiff contends that the units were defective because they were severely damaged by wind.  He asserts claims under the Racketeer Influenced and Corrupt Organizations (RICO), 18 U.S.C. § 1961 et seq., and state law claims under the Kansas Consumer Protection Act, K.S.A 50-623 et seq., and strict liability in tort.  The defendants are:  Aztec Steel Building, Inc. (Aztec Steel); Steel Factory Corporation (Steel Factory); Universal Steel Buildings Corporation (Universal Steel); Arnold Davis; Shawn Davis; and Gary J. Bonacci.  This matter is presently before the court upon the motion of defendants Steel Factory, Gary Bonacci, Arnold Davis and Shawn Davis to dismiss for lack of personal jurisdiction.  Steel Factory is a Pennsylvania corporation, and all of the individual defendants are citizens of Pennsylvania

except for Shawn Davis, who is a Florida resident.

Defendants Steel Factory and the individual defendants filed the instant motion on June 1, 2004.  On December 21, 2004, we issued an order requesting more briefing from the parties.  The court noted the parties had overlooked the fact that plaintiff had invoked federal jurisdiction under RICO in this case.  The court requested the parties address the nationwide service of process provisions of RICO.  The parties have now responded and the court is prepared to rule.[1]

I.

As we pointed out in the prior order, many of the facts in this case are not in dispute.  Plaintiff is a farmer in Republic County, Kansas.  He raises hay and grain.  Plaintiff contacted Midwest Steel Span (Midwest Steel) in 1993 about the possible purchase of "Military Quonset" buildings.  He intended to use the buildings for hay storage.  Midwest Steel was a Kansas

---

[1] As noted above, the original motion to dismiss was filed by defendants Steel Factory, Bonacci, Arnold Davis and Shawn Davis.  In the recent memoranda, the defendants contend that all defendants, including Aztec Steel and Universal Steel, are entitled to dismissal based upon lack of personal jurisdiction. Given the fact that these defendants have never been added to the original motion, the court is reluctant to address the arguments raised by them.  The court understands that all of the defendants are represented by the same counsel, but we also note that the original motion clearly listed only four defendants. Given these circumstances, the court shall not consider the arguments of the other defendants concerning personal jurisdiction.

2

corporation located in Overland Park, Kansas.  Plaintiff spoke with Bill Hermanns and then with Lou Havrilla, both employees of Midwest Steel.

On March 30, 1993, plaintiff signed a purchase order with Midwest Steel to purchase five of these Quonset buildings. Midwest Steel then sold the purchase order to Universal Steel, a Missouri corporation.  Universal Steel then placed the purchase order with Steel Factory.  The materials for these buildings were shipped from Pennsylvania to plaintiff's farm. The purchase order required plaintiff to make payment to the dealer prior to receipt of the buildings.  When the materials were delivered, plaintiff issued a check for the remaining balance to Midwest Steel.  In 1995, one of the buildings allegedly sustained damage caused by wind.  Plaintiff contacted Midwest Steel to purchase 16 metal arches to replace the damaged arches.  Plaintiff also contacted Universal Steel in 1995 to purchase nine additional arches directly from them.  Other buildings allegedly sustained damages in June 1999 and June 2001.  Plaintiff contacted the defendants in November 2001 concerning the damage.  This action was filed in state court on August 26, 2003.  It was removed to this court on October 20, 2003.

II.

3

The defendants contend the court lacks personal jurisdiction over them.  They assert they have had no contacts with the State of Kansas and the exercise of personal jurisdiction over them violates due process.  Plaintiff has offered a variety of arguments in support of his position that the defendants are subject to personal jurisdiction in Kansas.[2]

Plaintiff bears the burden of establishing personal jurisdiction over the defendants.  OMI Holdings, Inc. v. Royal Insurance Co. of Canada, 149 F.3d 1086, 1091 (10th Cir. 1998).  Where, as here, the court does not hold an evidentiary hearing, and the motion rests on the plaintiff's complaint and affidavits and other materials submitted by the parties, the plaintiff need only make a prima facie showing of personal jurisdiction.  Id.  "The plaintiff may make this prima facie showing by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant.  In order to defeat a plaintiff's prima facie showing of

_____

[2] In his most recent response, plaintiff complained that he has been unable to obtain discovery on some matters related to personal jurisdiction.  The court is not persuaded that any delays are the fault of the defendants or the court.  On January 13, 2005, the magistrate judge granted plaintiff's motion to compel.  The defendants were directed to produce the requested discovery within twenty days of the date of that order.  This time period has since passed and plaintiff has made no effort to supplement his response with any materials.  Accordingly, the court shall proceed to consider the instant motion based upon the materials that have been presented.

jurisdiction, a defendant must present a compelling case demonstrating 'that the presence of some other considerations would render jurisdiction unreasonable.'" Id. (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477 (1985)).

"Before a federal court can assert personal jurisdiction over a defendant in a federal question case, the court must determine (1) 'whether the applicable statute potentially confers juris-diction' by authorizing service of process on the defendant, and (2) 'whether the exercise of jurisdiction comports with due process.'" Peay v. BellSouth Medical Assistance Plan, 205 F.3d 1206, 1209 (10th Cir. 2000) (quoting Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 942 (11th Cir. 1997)).

The venue, jurisdiction, and service-of-process provisions of RICO are contained in § 1965, as follows:

> (a) Any civil action or proceeding under this chapter against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs.
> (b) In any action under section 1964 of this chapter in any district court of the United States in which it is shown that the ends of justice require that other parties residing in any other district be brought before the court, the court may cause such parties to be summoned, and process for that purpose may be served in any judicial district of the United States by the marshal thereof.

.    .    .    .    .

5

     (d) All other process in any action or proceeding under this chapter may be served on any person in any judicial district in which such person resides, is found, has an agent, or transacts his affairs.

This court has previously held, relying upon 18 U.S.C. § 1965(d), that RICO authorized nationwide service of process. <u>Merchants National Bank v. Safrabank</u>, 1991 WL 173781 at * 1 (D.Kan. 1991). With this determination, the court went on to determine when a federal statute provides for nationwide service of process there is no requirement of minimum contacts with the state in which the federal court sits. <u>Id</u>. Rather, a plaintiff need only demonstrate that a defendant has minimum contacts with the United States. <u>Id</u>. at * 2.

Since our decision in <u>Safrabank</u>, many courts have considered whether RICO authorizes nationwide service of process. Recently, in <u>Multi-Media International, Inc. v. Promag Retail Services, LLC</u>, 343 F.Supp.2d 1024 (D.Kan. 2004), Judge Van Bebber considered this issue in a thoughtful and well-reasoned opinion. Judge Van Bebber had also concluded in a prior opinion, <u>Headwear, U.S.A., Inc. v. Stange</u>, 166 F.R.D. 36, 38 (D.Kan. 1996), that § 1965(d) authorized nationwide service of process. After careful analysis of the issue again, he concluded, contrary to his opinion in <u>Headwear</u> and our opinion in <u>Safrabank</u>, that 18 U.S.C. § 1965(d) did not authorize nationwide service of process. He did, however, determine that

6

18 U.S.C. § 1965(b) did provide for nationwide service of process, but only in limited circumstances. He stated:

> After reviewing the relevant case law, the court concludes that it must overrule its prior position in Headwear that construed § 1965(d) as RICO's nationwide service of process provision. The court is persuaded by the decisions in the Second and Ninth Circuit identifying § 1965(b) as RICO's national service of process provision and limiting its applicability to situations where: (1) a court possesses personal jurisdiction over at least one defendant; and (2) the "ends of justice" require a plaintiff to bring all the defendants before that court because no other district court possesses personal jurisdiction over all the defendants.

Multi-Media International, 343 F.Supp. at 1030 (footnote omitted).

After carefully reviewing and considering Judge Van Bebber's opinion, we believe that he has correctly determined these issues. See also Dickerson, Curtailing Civil RICO's Long Reach: Establishing New Boundaries for Venue and Personal Jurisdiction Under 18 U.S.C. § 1965, 75 Neb.L.Rev. 476 (1996). We shall follow his opinion and overrule our decision in Safrabank.

With the application of the ruling in Multi-Media International, we must find that § 1965(b) is inapplicable here. The "ends of justice" requirement is not satisfied because defendants are all subject to suit in Pennsylvania.[3] Since RICO

---

[3] The defendants have acknowledged and plaintiff has not disputed that all of the defendants are subject to suit in Pennsylvania. The corporate defendants are Pennsylvania

does not authorize nationwide service of process, the court must determine whether the Kansas long-arm statute potentially confers personal jurisdiction by authorizing service of process, and then evaluate whether the exercise of jurisdiction satisfies due process.  <u>Multi-Media International</u>, 343 F.Supp.2d at 1031.

In <u>Multi-Media International</u>, Judge Van Bebber correctly set forth standards that must be applied here as follows:

> In Kansas, analyzing a motion to dismiss for lack of personal jurisdiction involves an inquiry as to: (1) whether the court has personal jurisdiction under the Kansas long-arm statute, K.S.A. § 60-308(b); and (2) whether the exercise of such jurisdiction comports with due process.  <u>Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Coop.</u>, 17 F.3d 1302, 1304 (10th Cir.1994).  However, "these inquiries are for all intents and purposes the same because the Kansas long-arm statute ... has been liberally construed by the Kansas courts to assert personal jurisdiction to the full extent permitted by the due process clause."  <u>Flannagan v. Bader</u>, 905 F.Supp. 933, 936 (D.Kan.1995) (citing <u>Thompson v. Chambers</u>, 804 F.Supp. 188, 195 (D.Kan.1992)).   The court, therefore, proceeds directly to the constitutional issue.  <u>Federated Rural Elec. Ins. Corp.</u>, 17 F.3d at 1304.

<u>Id</u>.

The parties have agreed that subject matter jurisdiction

---

corporations.  Defendants Bonacci and Arnold Davis are residents of Pennsylvania.   Defendant Shawn Davis is a resident of Florida, but he concedes that he is subject to suit in Pennsylvania as a corporate officer of Steel Factory and Aztec Steel.

here is based upon diversity jurisdiction.[4]   The touchstone of the constitutional inquiry under the due process clause of the Fourteenth Amendment is whether the nonresident party purposefully established "minimum contacts" with the forum state.   See Burger King, 471 U.S. at 474.   The "minimum contacts" standard may be established by either specific jurisdiction or general juris-diction.   Kuenzle v. HTM Sport-Und Freizeitgerate AG, 102 F.3d 453, 455-56 (10th Cir. 1996).

For specific jurisdiction to lie, there must be some act by which the nonresident party "purposefully avails itself of the privilege of conducting activities in the forum state."   Burger King, 471 U.S. at 475 (quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958)).   That requirement ensures that parties "will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts."   Id.   The contacts with the forum state should be such that the party "should reasonably anticipate being haled into court there."   World-Wide Volkswagen

--------

[4] There is no doubt that subject matter jurisdiction is present pursuant to 28 U.S.C. § 1332 because the parties are diverse.   However, jurisdiction could also be based upon 28 U.S.C. § 1331 because of the presence of the RICO claim.   For the purposes of personal jurisdiction, the court does not believe that the basis of subject matter jurisdiction is material because the standards to be applied are the same.   See Multi-Media International, 343 F.Supp.2d at 1031("minimum contacts" inquiry under the Fourteenth Amendment is applied to both federal question and diversity cases).

Corp. v. Woodson, 444 U.S. 286, 296 (1980).

A court may maintain general jurisdiction over a defendant based on the defendant's general business contacts with the state.  OMI Holdings, 149 F.3d at 1091.  General jurisdiction exists when the defendant's contacts with the forum state are so systematic and continuous that the court may exercise jurisdiction over the defendant even though the claims at issue are unrelated to the defendant's contacts with the state.  Id.

III.

Plaintiff has failed to articulate whether he asserts personal jurisdiction over the defendants based upon specific or general jurisdiction.  His arguments straddle both of these concepts.  Accordingly, the court shall consider the application of each one to this case.

A.  Steel Factory

Plaintiff has provided no evidence or argument that Steel Factory had any direct contacts with the State of Kansas. Plaintiff does not dispute the evidence provided by Steel Factory that it has no direct contacts with Kansas in the form of employees, offices, bank accounts or other property.  Rather, plaintiff's basis for the exercise of jurisdiction over Steel Factory is that it is an agent of Midwest Steel.  Steel Factory has admitted that Midwest Steel was a dealer of its products,

10

but it denies that Midwest Steel is its agent.  Plaintiff points
to the following to support his contention of agency:  (1) the
language in the contract between Midwest Steel and him; (2)
representations made by employees of Midwest Steel to him; and
(3) misrepresentations and errors contained in the affidavit of
Havrilla.

An agent's contacts with the forum state may be imputed to
a nonresident corporation for long-arm jurisdiction.  <u>Kuenzle</u>,
102 F.3d at 458-49.  In the absence of an agency relationship,
the acts of a distributor are not ordinarily attributable to a
foreign manufacturer for the purposes of personal jurisdiction.
<u>Id</u>. at 459.  Plaintiff has the burden of demonstrating a prima
facie case of agency.  <u>See</u> Casad, Jurisdiction in Civil Action
¶ 4-3[1] (1998 and Supp. 2004).

Agency is defined in Kansas as a contract, either express
or implied, by which one party confides to another the
management of some business to be transacted in the confiding
party's name, or on the confiding party's account, and by which
the other assumes to do business and to render an account of it.
<u>Wheat v. Kinslow</u>, 316 F.Supp.2d 944, 953-54 (D.Kan. 2003).  The
burden of establishing agency is on the party asserting it.  <u>Id</u>.
at 954.

The court has conducted a thorough examination of the

11

materials provided by the parties.  The court does not find that there is sufficient evidence that Midwest Steel is an agent of Steel Factory.  The record before the court shows that Midwest Steel is an independently owned and operated business.  There is no evidence that Steel Factory has any ownership interest in Midwest Steel.  Moreover, there has been no showing that Steel Factory has any control over the business affairs of Midwest Steel.  In fact, plaintiff has failed to show that Steel Factory even conducted business with Midwest Steel.  Rather, the materials before the court show that Midwest Steel sold its purchase order with plaintiff to Universal Steel Buildings of Kansas City, Missouri, who then placed the order with Steel Factory.  Plaintiff has presented nothing to counter the aforementioned evidence.  He has pointed to some language in the contract he entered into with Midwest Steel, but none of those provisions provide any support for his contention that Midwest Steel was an agent of Steel Factory.

Without a showing of agency, plaintiff must demonstrate that Steel Factory has sufficient minimum contacts with the State of Kansas.  Plaintiff has not done so.  Plaintiff has failed to show that specific or general jurisdiction exists over Steel Factory in Kansas.  Steel Factory does not transact any business in Kansas.  As noted previously, Steel Factory has no direct

12

contacts with Kansas in the form of employees, offices, bank accounts, or other property.  Steel Factory has no registered agent in Kansas and does not pay taxes in Kansas.  There has been no showing that Steel Factory advertises in Kansas. Plaintiff has pointed to a number of advertisements for steel buildings in publications that found their way into Kansas, but none of the advertisements involve Steel Factory.

In sum, the court does not find that personal jurisdiction over Steel Factory exists in Kansas.  Accordingly, Steel Factory must be dismissed for lack of personal jurisdiction.

B.  Individual Defendants

Plaintiff has not offered any evidence to show that the individual defendants had sufficient contacts with the State of Kansas to exercise personal jurisdiction over them.  The only exercise of any contact by any of the individual defendants concerns a response by Gary Bonacci to a request by the Kansas Attorney General to provide some information on the facts concerning the transaction that provides the basis for this lawsuit.  This limited contact is not sufficient to provide the necessary minimum contacts with the State of Kansas.

Given these circumstances, the court must also grant the motion of the individual defendants for dismissal based upon lack of personal jurisdiction.

13

**IT IS THEREFORE ORDERED** that defendants' (Steel Factory Corporation, Arnold Davis, Shawn Davis and Gary J. Bonacci) motion to dismiss for lack of personal jurisdiction (Doc. # 41) be hereby granted.  These defendants are hereby dismissed for lack of personal jurisdiction.

**IT IS SO ORDERED.**

Dated this 5th day of April, 2005 at Topeka, Kansas.

                                        s/Richard D. Rogers
                                        United States District Judge

14