IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

BILL J. CORY,

        Plaintiff,

vs.                                **Case No. 03-4193-RDR**

AZTEC STEEL BUILDING,
INC., et al.,

        Defendants.

## O R D E R

This matter is presently before the court upon plaintiff's motion for relief pursuant to Fed.R.Civ.P. 60(b) from the court's order of April 5, 2005.[1] Having carefully reviewed the arguments of the parties, the court is now prepared to rule.

In the order of April 5th, the court granted defendant's motion to dismiss. The court determined that it lacked personal jurisdiction over defendants Steel Factory Corporation, Shawn Davis, Gary Bonacci and Arnold Davis. Plaintiff filed the instant motion on April 26, 2005. Plaintiff raises a variety of arguments in contending that the court was mistaken in its opinion. Plaintiff suggests that personal jurisdiction over the aforementioned defendants exists because (1) he asserted a claim under the Kansas Consumer Protection Act; (2) he alleged that

---

[1] Plaintiff has also filed a motion for hearing concerning this motion. The court does not find that plaintiff has demonstrated the need for a hearing. Accordingly, this motion shall be denied.

the defendants were co-conspirators and one of the co-conspirators was a Kansas resident; (3) he has newly discovered evidence supporting his arguments; and (4) the court's prior decision in Merchants National Bank v. Safrabank, 1991 WL 173781 (D.Kan. 1991) supported his arguments.  Plaintiff contends that he is entitled to relief based upon surprise under Fed.R.Civ.P. 60(b)(1), newly discovered evidence under Fed.R.Civ.P. 60(b)(2), and fraud and misrep-resentation under Fed.R.Civ.P. 60(b)(3).

Before considering the merits of the plaintiff's motion, the court must first consider whether plaintiff has properly relied upon Rule 60(b) in making this motion, an issue both sides have overlooked.  A court can only provide relief from a "final judgment, order or proceeding" under Rule 60(b).  This court's order of April 5, 2005 dismissed some, but not all, of the defendants in this action.  An order dismissing only some defendants is interlocutory and thus not "final" for purposes of Rule 60(b).  James By James v. Sadler, 909 F.2d 834, 836 (5th Cir. 1990) (dismissal order was interlocutory where some defendants remained as parties to the action); Wanamaker v. Columbian Rope Co., 907 F.Supp. 522, 526-27 (N.D.N.Y. 1995) (dismissal of some, but not all of plaintiff's claims was interlocutory order "outside the ambit of Rule 60(b)"). Accordingly, plaintiff's reconsideration motion does not come

2

within the scope of Rule 60(b).

Even though plaintiff cannot rely upon Rule 60(b) as a basis for his reconsideration motion, he is not completely foreclosed from seeking such relief.  It is within the plenary power of the court to review its interlocutory orders to afford such relief from them as justice requires, and this power is not affected by Rule 60(b).  However, the court need not proceed to the merits of plaintiff's motion because it is untimely.  D.Kan.Rule 7.3(b) provides that motions for reconsideration must be filed within "ten days after the filing of the order unless the time is extended by the court."  Even though plaintiff did not rely upon D.Kan.Rule 7.3 in making his motion because, as already discussed, his motion is not governed by Rule 60, he was required to bring the motion within ten days of the April 5, 2005 order.  See Calumet Gaming Group-Kansas, Inc. v. Kickapoo Tribe of Kansas, 987 F.Supp. 1321, 1331 (D.Kan. 1997).   Since he did not do so, the court must deny the motion as untimely.

Alternatively, even if plaintiff had timely filed his motion to reconsider, the court would deny it on the merits.  The court has discretion whether to grant a motion to reconsider.  See Hancock v. City of Okla. City, 857 F.2d 1394, 1395 (10th Cir. 1988).  The court may recognize any one of three grounds justifying reconsideration:    an intervening change in

3

controlling law, availability of new evidence, or the need to correct clear error or prevent manifest injustice. See <u>Major v. Benton</u>, 647 F.2d 110, 112 (10th Cir. 1981); <u>Burnett v. Western Resources, Inc.</u>, 929 F.Supp. 1349, 1360 (D.Kan. 1996). A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed. See <u>Voelkel v. Gen. Motors Corp.</u>, 846 F.Supp. 1482, 1483 (D.Kan.), <u>aff'd</u>, 43 F.3d 1484 (10th Cir. 1994). Such motions are not appropriate if the movant only wants the court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally. See <u>Van Skiver v. United States</u>, 952 F.2d 1241, 1243 (10th Cir. 1991).

Plaintiff appears to argue that personal jurisdiction exists over any non-resident defendant who is the object of a claim under the KCPA. Plaintiff, of course, fails to point to any case for support of this proposition. The court has failed to discover any authority for it. In fact, in all cases involving claims under the KCPA, the Kansas courts have applied the two-step analysis applied by this court in its order of April 5, 2005. <u>See</u>, e.g., <u>Kluin v. American Suzuki Motor Corp.</u>, 274 Kan. 888, 56 P.3d 829, 834 (2002); <u>Loeffelbein v. Milberg Weiss Bershad Hynes & Lerach LLP</u>, 33 Kan.App.2d 593, 106 P.3d 74, 77-8

4

(2005).  The court continues to believe that we correctly decided the personal jurisdiction issues based upon the information provided by the parties.

Plaintiff also contends that he is entitled to reconsideration of the court's earlier order based upon newly discovered evidence.  This evidence consists of materials provided to plaintiff by defendants pursuant to discovery after the defendants had filed their motion to dismiss, but well in advance of the court's decision.  The court knows of no reason, and plaintiff had not asserted any, why this information could not have been provided to the court prior to the April 5th order. In any event, the court has reviewed the information provided by the plaintiff, and we are not convinced that it would change our prior ruling.

Plaintiff has also argued that the court, in determining that personal jurisdiction did not exist over some defendants, overlooked the allegations in his complaint that the defendants were engaged in a conspiracy.  The court did not overlook these allegations.  Rather, the court considered what plaintiff offered in response to the defendants' motion to dismiss. Plaintiff failed to offer any written materials or discovery to support his conspiracy allegations, and he specifically failed to counter any of the evidence provided in the affidavit of Lou

5

Havrilla.  See Baldridge v. McPike, Inc., 466 F.2d 65, 68 (10th Cir. 1972) ("Mere allegation of conspiracy, without some sort of prima facie factual showing of a conspiracy, cannot be the basis of personal jurisdiction of co-conspirators outside the territorial limits of the court.").  Under these circumstances, the court believes that the prior decision was not erroneous.

Finally, in an argument that borders on frivolous, plaintiff suggests that he was "surprised" by the court's decision to overturn its ruling in Safrabank and hold that RICO did not authorize nationwide service of process.  This surprise occurred despite the fact the court asked for briefs on this particular issue.  In that order, the court specifically cited to Safrabank and noted that we had previously held that RICO authorized nationwide service of process.  However, even in light of this case, the court chose to ask for briefs from the parties, primarily because Judge Van Bebber had recently reconsidered a prior decision on this issue.  Plaintiff should have understood that, by asking for briefs on the issue, the court was certainly considering whether Safrabank had properly been decided.  Plaintiff's suggestion of surprise by the court's later ruling is specious.

**IT IS THEREFORE ORDERED** that plaintiff's motion for hearing (Doc. # 88) be hereby denied.

6

**IT IS FURTHER ORDERED** that plaintiff's motion for relief from judgment (Doc. # 87) be hereby denied.

**IT IS SO ORDERED.**

Dated this 16th day of August, 2005 at Topeka, Kansas.

                                        s/Richard D. Rogers
                                        United States District Judge