## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF KANSAS

BILL J. CORY,

             Plaintiff,

        vs.                              **Case No. 03-4193-RDR**

AZTEC STEEL BUILDING,
INC., et al.,

             Defendants.

_____

## MEMORANDUM AND ORDER

This is an action for damages arising from the purchase of military Quonset storage units by plaintiff. Plaintiff contends that the units were defective because they were severely damaged by wind. He asserts claims under the Racketeer Influenced and Corrupt Organizations (RICO), 18 U.S.C. § 1961 et seq., and state law claims under the Kansas Consumer Protection Act (KCPA), K.S.A 50-623 et seq., and strict liability in tort. The remaining defendants are: Aztec Steel Building, Inc. (Aztec Steel) and Universal Steel Buildings Corporation (Universal Steel).[1] This matter is presently before the court upon defendants' motion for summary judgment.[2]

_____

[1] The court has previously dismissed the following defendants for lack of personal jurisdiction: Steel Factory Corporation, Gary Bonacci, Arnold Davis and Shawn Davis.

[2] The court has heard oral argument on this motion. The court wants to briefly comment on the argument because of its unusual nature. At the outset, Mr. Cory, who is not an attorney, asked if he could present the plaintiff's argument.

I.

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The requirement of a genuine issue of fact means that the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Essentially, the inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. Id. at 251-52.

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. This burden may be met by showing that there is a lack of evidence to support the nonmoving party's case. See Celotex Corp. v.

---

Mr. Cory explained that he wished to present the argument because he had filed RICO claims for over 25 years and his attorney was asserting his first such claim. The court agreed to the request. Mr. Cory then proceeded to spend only brief moments discussing the issues raised by the defendants in their summary judgment motion. He then proceeded to argue and explain why the court had erred in its earlier decision on personal jurisdiction. To the extent that Mr. Cory was seeking reconsideration of that order, the court finds Mr. Cory's arguments untimely and without merit.

<u>Catrett</u>, 477 U.S. 317, 325 (1986).  Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to show that there is a genuine issue of material fact left for trial.  <u>See</u> <u>Anderson</u>, 477 U.S. at 256.  A party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials of [its] pleading, but must set forth specific facts showing that there is a genuine issue for trial.  <u>Id</u>.  Therefore, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment.  <u>See id</u>.  The court must consider the record in the light most favorable to the nonmoving party.  <u>See</u> <u>Bee v. Greaves</u>, 744 F.2d 1387, 1396 (10th Cir. 1984), <u>cert. denied</u>, 469 U.S. 1214 (1985).  The court notes that summary judgment is not a "disfavored procedural shortcut;" rather, it is an important procedure "designed to secure the just, speedy and inexpensive determination of every action."  <u>Celotex</u>, 477 U.S. at 327 (quoting Fed.R.Civ.P. 1).

II.

The court has carefully reviewed the record in this case to determine what facts are undisputed and what facts are controverted.  The court notes that plaintiff has failed to properly comply with D.Kan.Rule 56.1 in responding to

3

defendants' motion for summary judgment. He failed to specifically controvert the facts set forth by the defendants and to refer with particularity to the portions of the record upon which he relied. The court believes the record discloses that the following facts are uncontroverted: Plaintiff is a farmer in Republic County, Kansas. He raises hay and grain. Plaintiff contacted Midwest Steel Span (Midwest Steel) in 1993 about the possible purchase of "Military Quonset" buildings. He intended to use the buildings for hay storage. Midwest Steel was a Kansas company located in Overland Park, Kansas. Plaintiff spoke with Bill Hermanns and then with Lou Havrilla, both employees of Midwest Steel.

On March 30, 1993 plaintiff signed a purchase order with Midwest Steel to purchase five of these Quonset buildings. Midwest Steel then sold the purchase order to Universal Steel, a Missouri corporation. Universal Steel then placed the purchase order with Steel Factory. The materials for these buildings were shipped from Pennsylvania to plaintiff's farm. The purchase order required plaintiff to make payment to the dealer prior to receipt of the buildings. When the materials were delivered, plaintiff issued a check for the remaining balance to Midwest Steel. In 1995, one of the buildings allegedly sustained damage caused by wind. Plaintiff contacted

4

Midwest Steel to purchase 16 metal arches to replace the damaged arches.   Plaintiff also contacted Universal Steel in 1995 to purchase nine additional arches directly from them.   Other buildings allegedly sustained damages in June 1999 and June 2001.   Plaintiff contacted the defendants in November 2001 concerning the damage.   This action was filed in state court on August 26, 2003.   It was removed to this court on October 20, 2003.

III.

The amended complaint contains six counts.   The first four counts are RICO claims.   Count V is a claim under the KCPA, and Count VI is a strict liability in tort claim.   Count I alleges a violation of 18 U.S.C. § 1962(c) against all defendants. Count II asserts a violation of 18 U.S.C. § 1962(a) against all defendants.   Count III alleges a violation of 18 U.S.C. § 1962(b) against defendants Arnold Davis and Shawn Davis.[3]   Count IV asserts a violation of 18 U.S.C. § 1962(d) against all defendants.

In the motion for summary judgment, defendants raise several issues.   First, they contend that plaintiff's claims are barred by the applicable statutes of limitations.   Second, they contend

---

[3] These defendants have been dismissed, so this count is moot.

5

they are entitled to summary judgment on plaintiff's RICO claims under Counts I, II and IV because there is no evidence of conduct of an enterprise through a pattern of racketeering activity. Concerning this argument, they assert plaintiff has failed to (1) provide evidence of the conduct of an enterprise; (2) prove a pattern of racketeering activity through predicate acts; (3) show that Midwest Steel was an agent of defendants for RICO purposes; and (4) show that the predicate acts are related.   Third, the defendants contend they are entitled to summary judgment on plaintiff's claims under the KCPA because plaintiff has not established that they made the necessary representations to establish a claim under the KCPA.   Fourth, they assert plaintiff's products liability claim is precluded by the economic loss doctrine.   Finally, they argue they are entitled to summary judgment on plaintiff's warranty claims because plaintiff has failed to produce evidence sufficient to support these claims.

IV.

A.  STATUTES OF LIMITATIONS

This is a critical issue concerning all of the claims asserted by plaintiff.   The court shall begin with a discussion of the RICO claims and then proceed to the issues concerning the statutes of limitations on the other claims.

1. *RICO claims*

6

A civil RICO action has a four-year limitation period. <u>Agency Holding Corp. v. Malley-Duff & Assocs., Inc.</u>, 483 U.S. 143, 156 (1987).  Both parties have suggested, relying upon <u>Bath v. Bushkin, Gaims, Gaines and Jonas</u>, 913 F.2d 817 (10th Cir. 1990), the statute of limitations for RICO claims accrues in the Tenth Circuit when the plaintiff discovers, or should have discovered, both his injury and the defendant's pattern of racketeering.  However, in <u>Rotella v. Wood</u>, 528 U.S. 549, 554 (2000), the Supreme Court abrogated this aspect of <u>Bath</u> and ruled the accrual of a RICO claim is not delayed until plaintiff has discovered the defendant's pattern of racketeering.  528 U.S. at 554-55.

In <u>Rotella</u>, the Supreme Court did not decide whether an "injury discovery" or "straight injury occurrence" rule should be applied in RICO cases for accrual purposes.  <u>Id</u>. at 554 n. 2. Most courts, however, both before and after <u>Rotella</u>, have adopted the "injury discovery" rule.  <u>See</u> <u>Forbes v. Eagleson</u>, 228 F.3d 471, 484 (3rd Cir. 2000); <u>Grimmett v. Brown</u>, 75 F.3d 506, 511 (9th Cir. 1996); <u>McCool v. Strata Oil Co.</u>, 972 F.2d 1452, 1464-65 (7th Cir. 1992); <u>Rodriquez v. Banco Central</u>, 917 F.2d 664, 665 (1st Cir. 1990); <u>Pocahontas Supreme Coal Co. v. Bethlehem Steel Corp.</u>, 828 F.2d 211, 220 (4th Cir. 1987).  Under the injury discovery rule, a RICO claim accrues when the plaintiff knew or should have

known of his injury.  We believe this is the appropriate accrual
rule to apply, even though the Tenth Circuit has not issued an
opinion on this matter since <u>Bath</u>, which was ten years prior to
<u>Rotella</u>.

With that standard in mind, we must consider when
plaintiff's RICO claims accrued.  The defendants have suggested
that plaintiff learned of his injury either in June 1995, when
the first building sustained damage, or in June 1999, when the
second building suffered damage.  The defendants point to
plaintiff's deposition where he stated that he knew he had a
problem with his buildings in June 1999.  Under either accrual
date, the defendants argue that plaintiff's RICO claims are time
barred because this case was not filed until August 2003.

Plaintiff's response is somewhat puzzling.  He suggests
initially that he could not have discovered the fraud until June
2001, when another of his buildings suffered damages.  He also
asserts that the statute of limitations should be tolled from
December 2001 through March 2003 based upon equitable estoppel.
He contends that the defendants engaged in fraud during that
period, and thus the statute of limitations should be tolled.

The court shall recount some additional facts that provide
the basis for plaintiff's equitable tolling argument.  After the
first two buildings were damaged, plaintiff did not contact any

8

of the defendants with a complaint or a request for any action on the alleged warranty. In November or December 2001, plaintiff complained to the defendants about the damage to his buildings for the first time. Some efforts were made to resolve the matter, but no progress was made. On August 2, 2002 plaintiff filed a complaint with the consumer protection division of the attorney general's office. The defendants then retained an expert to examine the failed buildings. He determined that plaintiff had not properly installed the buildings. This report was submitted to the attorney general's office. Plaintiff contends that this report was false and misleading. The defendants then sent the engineer who designed the buildings to investigate them. He concluded that the buildings were improperly installed because there was no concrete slab floor. This report was also sent to the attorney general's office. The attorney general subsequently dismissed the case on March 12, 2003.

Based upon these facts, plaintiff suggests that equitable tolling should be applied. The court is not persuaded that this doctrine applies because defendants did nothing to conceal the injury in this case, which is what triggers the running of the statute of limitations. The defendants did not appear to do anything to prevent the plaintiff from filing suit. The

9

defendants participated in the attorney general process and sent experts to determine the cause of the failure of the buildings. The court finds no basis in the record to support plaintiff's suggestion that the actions of the defendants constituted fraud.

In any event, there is one other rule that needs to be considered. Neither party has considered the application of this rule. In <u>Bath</u>, the Tenth Circuit also adopted the "separate accrual" rule. The "separate accrual" rule is a subset of the "injury discovery" rule. When a pattern of RICO activity causes a continuing series of separate injuries, the "separate accrual" rule allows a civil RICO claim to accrue for each injury when the plaintiff discovers, or should have discovered, that injury. The "separate accrual" rule has been adopted in most of the circuits. <u>Love v. National Medical Enterprises</u>, 230 F.3d 765, 774-75 (5th Cir. 2000); <u>McCool</u>, 972 F.2d at 1465-66; <u>Bankers Trust Co. v. Rhoades</u>, 859 F.2d 1096, 1102 (2nd Cir. 1988), <u>cert. denied</u>, 490 U.S. 1007 (1989).

Absent the application of the separate accrual rule (which plaintiff has not argued and defendants have not considered), the court believes that plaintiff's RICO claims are time-barred. Under the injury discovery rule, it is clear that plaintiff should have discovered his injuries in June 1999 when the second building was damaged. Plaintiff's suggestion that the statute of

limitations does not accrue until June 2001 appears without merit. It is readily apparent that it began to run in June 1999. Accordingly, his complaint is untimely for any claims arising prior to August 1999.

This leads us to the injury he suffered in June 2001. This injury occurred within the four-year statute of limitations. The court believes that plaintiff may assert a claim for this injury. The arguments of the parties are not particularly helpful because neither has found the applicable law. The separate accrual rule would seem to allow this claim, but the claim could only be for the damage to the third building. The other claims remain untimely. Accordingly, at this time, we cannot grant summary judgment to the defendants on all of plaintiff's RICO claims. The court finds plaintiff's RICO claims based upon damages suffered in June 2001 are not time-barred, at least based upon the arguments that have been made by the parties.

2.  *State law claims*

The defendants also contend that plaintiff's state law claims are time-barred. Plaintiff failed to respond to these arguments in his responsive brief or in his oral argument to the court.

The KCPA has a statute of limitations of three years.

11

Alexander v. Certified Master Builders Corp., 268 Kan. 812, 1
P.3d 899 (2000) (holding that actions under the KCPA seeking
damages and civil penalties are subject to the three-year statute
of limitations found in K.S.A. 60-512(2)).   Generally, the
limitations period for a KCPA claim is triggered when "the
plaintiff discovers (or reasonably should have discovered) the
alleged fraud." Kelly v. Primeline Advisory, Inc., 256 Kan. 978,
988, 889 P.2d 130 (1995).   The alleged fraud is considered
"discovered" when "the act giving rise to the cause of action
causes substantial injury, or, if the fact of injury is not
reasonably ascertainable until sometime after the initial act,
then . . . [when] the fact of injury becomes reasonably
ascertainable to the injured party." Schrag v. Dinges, 788
F.Supp. 1543, 1549 (D.Kan. 1992) (citing K.S.A. 60-513(b)).   Or,
as the Kansas Supreme Court has stated, the discovery of fraud is
simultaneous with the discovery of the injury resulting from the
fraud.   Jennings v. Jennings, 211 Kan. 515, 527, 507 P.2d 241
(1973).   Accordingly, a plaintiff is considered to have
discovered the fraud when he or she knew, or with reasonable
diligence, should have known of the acts or conduct giving rise
to the injury.   Wolf v. Brungardt, 215 Kan. 272, 524 P.2d 726
(1974).

    A claim under the Kansas Product Liability Act (KPLA),

12

K.S.A. 60-3301 et seq., has a two-year statute of limitations.
Fennesy v. LBI Management, Inc., 18 Kan.App.2d 61, 847 P.2d 1350
(1993) (KPLA claim subject to the two-year statute of limitations
found in K.S.A. 60-513).

Based upon the aforementioned facts, the court finds that
plaintiff's claims under the KCPA and the KPLA are barred by the
statute of limitations.   Under either of the statutes of
limitations applicable under the KCPA or the KPLA, these claims
are time-barred.   All of plaintiff's claims had accrued by June
2001, and this action was not filed until August 2003.  With this
decision, the court need not consider the other arguments made by
the defendants concerning plaintiff's claims under the KCPA or
the KPLA.

B.  SUBSTANTIVE RICO CLAIMS

Plaintiff has asserted claims under 18 U.S.C. §§ 1962(a),
(b), (c) and (d).   RICO renders criminally and civilly liable
"any person" who uses or invests income derived "from a pattern
of racketeering activity" to acquire an interest in or to operate
an enterprise engaged in interstate commerce, § 1962(a); who
acquires or maintains an interest in or control of such an
enterprise "through a pattern of racketeering activity," §
1962(b); who, being employed by or associated with such an
enterprise, conducts or participates in the conduct of its

13

affairs "through a pattern of racketeering activity," § 1962(c);
or, finally, who conspires to violate the first three subsections
of § 1962, § 1962(d).   RICO provides for drastic remedies:
conviction for a violation of RICO carries severe criminal
penalties and forfeiture of illegal proceeds, 18 U.S.C. § 1963;
and a person found in a private civil action to have violated
RICO is liable for treble damages, costs, and attorney's fees, 18
U.S.C. § 1964(c).

In order to prove a RICO claim, plaintiffs must show (1)
conduct (2) of an enterprise (3) through a pattern (4) of
racketeering activity.   In order to establish a federal civil
RICO violation under § 1962(c), the plaintiffs "must satisfy four
elements of proof: '(1) conduct (2) of an enterprise (3) through
a pattern (4) of racketeering activity.'"   Sedima, S.P.R.L. v.
Imrex Co., 473 U.S. 479, 496 (1985).

With regard to elements (1) and (2) of the four-part test,
the plaintiff must establish "conduct of an enterprise" and that
the enterprise had a common goal.   See United States v. Turkette,
452 U.S. 576, 583 (1981) ("The enterprise is an entity, for
present purposes a group of persons associated together for a
common purpose of engaging in a course of conduct.").
Furthermore, the defendant "must participate in the operation or
management of the enterprise itself."   Reves v. Ernst & Young,

14

507 U.S. 170, 185 (1993).

An enterprise "includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). As stated in United States v. Goldin Indus., Inc., 219 F.3d 1271, 1275 (11th Cir. 2000), "the existence of an enterprise is proved by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit." (internal quotation marks and citation omitted). Furthermore, "the definitive factor in determining the existence of a RICO enterprise is the existence of an association of individual entities, however loose or informal, that furnishes a vehicle for the commission of two or more predicate crimes, that is, the pattern of racketeering activity requisite to the RICO violation." Id.

Pattern of racketeering activity, as defined in 18 U.S.C. § 1961(5), requires at least two acts of racketeering activity. However, while Congress envisioned circumstances in which no more than two predicates would be necessary to establish a pattern of racketeering activity, the statute implies that while two acts are necessary, they may not be sufficient. H.J. Inc. v. Northwestern Telephone Co., 492 U.S. 229, 237 (1989). What a

15

plaintiff must prove is continuity of racketeering activity. Id. at 241.  To establish continuity, the plaintiff must demonstrate either a closed period of repeated conduct or past conduct that by its nature projects into the future with a threat of repetition.  Closed-ended continuity requires a series of related predicates extending over a substantial period of time. Predicate acts extending over a few weeks or months and threatening no future criminal conduct are insufficient. Open-ended continuity requires a clear threat of future criminal conduct related to past criminal conduct.  Id. at 241-42; Sil-Flo, Inc. v. SFHC, Inc., 917 F.2d 1507, 1516 (10th Cir. 1990).

The defendants have argued that plaintiff has failed to demonstrate (1) conduct of an enterprise; (2) a pattern of racketeering activity; or (3) a relationship of predicate acts.

Having carefully reviewed the arguments of the parties, the court is persuaded that defendants are entitled to summary judgment on plaintiff's RICO claims based upon their contention that plaintiff has failed to show a pattern of racketeering activity.  The fraud asserted here shows a transaction between the defendants and the plaintiff.  The actual acts of fraud, even as alleged by plaintiff, extend only over a few months. Moreover, there does not appear to be a clear threat of future criminal conduct.  Plaintiff has failed to point to any other

16

customer of the defendants who received defective buildings.  It is well-settled in the Tenth Circuit that a single scheme to accomplish one discrete goal, directed at a finite group of individuals, with no potential to extend to other persons or entities, rarely will suffice to establish a threat of continuing racketeering activity.  See Boone v. Carlsbad Bancorporation, Inc., 972 F.2d 1545, 1556 (10th Cir. 1992); Sil-Flo, Inc., 917 F.2d at 1516; Phelps v. Wichita Eagle-Beacon, 886 F.2d 1262, 1273-74 (10th Cir. 1989).  Having found that plaintiff has failed to establish a pattern of racketeering activity, the court must grant summary judgment to the defendants on plaintiff's RICO claims.

**IT IS THEREFORE ORDERED** that defendants' motion for summary judgment (Doc. # 80) be hereby granted.  Judgment is hereby granted to the defendants and against the plaintiff.

**IT IS SO ORDERED.**

Dated this 18th day of November, 2005 at Topeka, Kansas.


                              s/Richard D. Rogers
                              United States District Judge


17